Battle J.
 

 We cannot see how the Court below could have done otherwise than dismiss the attachment, as having been improperly returned by the Justice of the
 
 *479
 
 County Court. The “ act authorizing attachments to issue for the recovery of debts, and directing the proceedings thereon,” 1 Rev. Stat. Ch. 6 prescribes, in the 14th Section, the mode of proceeding against garnishees in attachments returnable before a single justice. Among other provisions, it declares that “ when any garnishee shall on his or her garnishment, deny that he or she has in his or her possession any property of the defendant, and the plaintiff in such attachment shall on affidavit suggest to the justice, that such garnishee owes to, or has property in his or her hands belonging to the defendant, or when any garnishee shall on his or her garnishment make such a statment of facts that the justice, before whom such garnishment shall be made, cannot proceed to give judgment thereon, then, in either of these cases, the justice shall return the attachment and other papers to the next County Court to be held for his County and the Court shall order an issue or issues to be made up and tried by a jury and the Court shall give judgment on the verdict of the jury as in other cases.” Now, in the case before us, it does not appear, that the plaintiff suggested on oath either of the things which authorized the justice to return the proceedings to the .County Court. The justice says merely, that he ‘‘took the plaintiff’s affidavit according to law,” but he does not state that the plaintiff swore, that the garnishees owed to the defendant any debt, or had any property of his in their hands or that they made such a statement of facts that the justice could not proceed to give judgment thereon. He therefore, apparently, had no authority to return the attachment and accompanying papers to the County Court, and the garnishees had the right to have the proceedings dismissed as to them; particularly as it does not appear that the plaintiff, after the attachment and papers were returned to Court, ever moved to have an issue made up to try the question of their indebtedness to the defendant or of their having any property belonging to him in their
 
 *480
 
 bands. Nor could the attachment be sustained before the Court by virtue of the levy on the land of the defendant in the possession of George Clayton. It does not appear that the lot was shown, or offered to be shown, by the plaintifF, to belong to the defendant; but if that had been done, the justice did not condemn the same for the satisfaction of the plaintiff’s debt, as he was required by the 20th Section of the before recited act, to have done, before he returned the attachment to the County Court. Therefore, neither the County Court, or the Superior Court, to which the cause was transferred, had jurisdiction of it, and the latter Court did right in dismissing it. The judgment must be affirmed.
 

 Pee Curian, Judgment affirmed